**CV-10 3501**

UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2010 ★

LONG ISLAND OFFICE

———————————————————— X

Courtney Forbes individually
and on behalf of all others
similarly situated                  **Plaintiffs**

-against-

Amsher Collection Services, Inc.;   **Defendants**
David Sher; Martin Sher; and
Melanie Sher

Docket No. **WEXLER, J.**
**BOYLE, M.**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

———————————————————————

## I. CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), for a declaration that scripted telephone messages that the Defendant uses to collect consumer debts violates the FDCPA, and to recover damages by reason of Defendant's violations of the Fair Debt Collections Practices Act, (15 USC 1692 et seq). (hereinafter FDCPA), and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, COURTNEY FORBES, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to          .

3. Defendant Amsher Collection Services, Inc. (Amsher) is a foreign corporation not authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. David Sher is a co- Chief Executive Officer of Amsher. On information and belief, David Sher is responsible for devising, implementing, approving, monitoring, and or supervising, the debt-collection procedures at Amsher. David Sher is a debt collector as defined by §1692(a)(6) of the FDCPA. David Sher regularly attempts to collect debts alleged to be due another using the mails and telephone.

5. Martin Sher is a co- Chief Executive Officer of Amsher. On information and belief, Martin Sher is responsible for devising, implementing, approving, monitoring, and or supervising, the debt-collection procedures at Amsher. Martin Sher is a debt collector as defined by §1692(a)(6) of the FDCPA. Martin Sher regularly attempts to collect debts alleged to be due another using the mails and telephone.

6. Melanie Sher is a President of Amsher. On information and belief, David Sher is responsible for devising, implementing, approving, monitoring, and or supervising, the debt-collection procedures at Amsher. Melanie Sher is a debt collector as defined by

§1692(a)(6) of the FDCPA. Melanie Sher regularly attempts to collect debts alleged to be due another using the mails and telephone.

7. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, approval, knowledge, consent and/or ratification of the other Defendants. Amsher is responsible and liable for the acts of its employees. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

9. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes, and no part of the debt was incurred for a business purpose.

## IV. FACTUAL ALLEGATIONS

10. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

11. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

12. Within one year preceding the date of the filing of the complaint in this action, Defendant placed telephone calls to the Plaintiff and left messages on the voice mail of the Plaintiff's.

13. The Defendant left prerecorded messages on the Plaintiff's telephone answering machine.

14. The prerecorded messages left by the Defendant on the Plaintiff's telephone answering machine did not identify the name of the Defendant's company.

15. The messages left by the Defendant did not meaningfully identify the Defendant in violation of 15 USC 1692d(6).

16. The messages left by the Defendant did not include the notice required by 15 USC 1692e(11).

17. The entire message left by the defendant on the Plaintiff's voice mail was as follows (hereinafter "the message"):

> *Hi this is Jessica. This is not a sales call and it is very important that I speak to you today. Please call me at 1-866-732-1626 again my name is Jessica and I have a very important message for you. I can be reached at 1-866-732-1626 between the hours of 8:00am and 9:00pm Central Standard Time. If you would like to press 1 now you will automatically be transferred. Please do not disregard this message and I look forward to your call. That number again is 1866-732-1626. Thank you very much.*

18. The message left by the Defendant on Plaintiff's voice mail was deceptive and harassing in that the messages attempted to deceptively induce the Plaintiff into returning the call.

19. The message left by Defendant was deceptive and harassing in that the "least sophisticated consumer" would not be able to recognize the name the company that left the

message, nor would the least sophisticated consumer" be able to determine that the Defendant was a debt collector.

20. The message left by Defendant was deceptive and harassing per se in that it deceptively secreted the true identity of the Defendant and did not note that the Defendant was a debt collector.

21. The Defendant leaving the prerecorded message as described herein on the Plaintiff's telephone answering machine is per se harassing pursuant to 15 USC 1692d(6), in that the least sophisticate consumer could not determine the true identity of the Defendant from the information contained in the prerecorded automated message.

22. The Defendant leaving the prerecorded message as described herein on the Plaintiff's telephone answering machine is per se deceptive pursuant to 15 USC 1692e(11) in that it failed to disclose that the Defendant was a debt collector.

23. The Plaintiff listened to the message left by the Defendant.

24. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages were materially identical to automated prerecorded messages left for the Plaintiff.

25. Each of the individual Defendants knew or should have known that Amsher was leaving the message with consumers. On information and belief, each of the individual Defendants approved of, consented to, had knowledge of, participated in, and/or ratified the leaving of the illegal message on consumers' answering machines. The Defendants had knowledge of the violating message, or were willfully blind to the violating message. The Defendants were aware that the FDCPA requires that messages left on telephone

consumers' answering machines must disclose the name of the company, and that the company is a debt collector. See Exhibit A which is incorporated herein. The Defendants chose not to comply with the law.

## V. VIOLATIONS OF THE FDCPA

26. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10); 15 USC 1692e(11); 15 USC 1692 d; and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

27. Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call and left a message substantially similar or materially identical to those left by Defendant on Plaintiff's voice mail as identified above during the one year period immediately preceding the filing of this action.

28. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

- (A) The members of the class are so numerous that joinder of all members is impractical.

- (B) There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

- (C) The only individual issue is the identification of the consumers who received the calls (*i.e.*, the Class members), a matter capable of ministerial determination from the Defendant's records.

- (D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

29. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

30. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

31. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

32. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

33. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendants as follows:

    (A)    Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

    (B)    Statutory damages as provided by §1692k of the FDCPA;

    (C)    Attorney's fees, litigation expenses and costs incurred in bringing this action;

(D)  Any other relief this Court deems appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand trial by jury in this action.

**Dated:**   West Islip, NY
July 28, 2010

          **Respectfully submitted,**

          _____
          Joseph Mauro (JM: 8295)
          306 McCall Ave.
          West Islip, NY 11795
          631-669-0921

Exhibit A





HOME | FAMILY BUSINESS | WE'RE DIFFERENT | SERVICES | TESTIMONIALS | CONTACT | PRESS RELEASES

## A LITTLE BIT ABOUT US



### DAVID SHER, CO-CEO

- Past Chairman — Birmingham Regional Chamber of Commerce
- Past President — International Association of Commercial Collectors



### MARTIN SHER, CO-CEO

- Treasurer — ACA International
- Past President — Alabama Collectors Association
- Past Chairman — ACA Ethics Committee
- Beacon Award — ACA
- Certified Instructor — ACA
- Board Member — Birmingham Better Business Bureau



### MELANIE SHER, PRESIDENT

- Past President — Alabama Collectors Association
- Birmingham Buisness Journal Top 40 Under 40
- Member — Birmingham Chamber Women's Roundtable II

David and Martin Sher have also co-authored three books:

How To Collect Debts and Still Keep Your Customers
buy at Amazon.com

The Masters of Impact Negotiating
email our office

Championship Collections -- How To Squeeze Blood From a Turnip
buy at Amazon.com

## AMSHER AWARDS

- Inc 500

- Blue Chip
- Ranked one of Birmingham's 25 Fastest Growing Companies — Birmingham Business Journal
- Best in Business 2006 — Birmingham Business Journal
- David & Martin Sher Entrepreneurs of the Year — Birmingham Chamber of Commerce

## AFFILIATIONS & CERTIFICATES

- ACA International
- PPMS Certified ACA
- ISO Security Audit
- Better Buisness Bureau




AmSher 600 Beacon Pkwy West • Suite 300 • Birmingham, AL 35209 • P 205-322-4110 • F 205-251-0448 • 800-955-7032